JUDGE PATTERSON

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: DEC 20 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA         :    INDICTMENT

            - v. -               :    07 CRIM 1215

LEON A. CLARKE,                  :

            Defendant.           :

- - - - - - - - - - - - - - - - x

COUNT ONE

The Grand Jury charges:

1. From at least in or about January 2006, up to and including on or about February 9, 2006, in the Southern District of New York and elsewhere, LEON A. CLARKE, the defendant, and others known and unknown, unlawfully, willfully, and knowingly, did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Section 1344.

2. It was a part and an object of the conspiracy that LEON A. CLARKE, the defendant, and others known and unknown, unlawfully, willfully, and knowingly, did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain, by means of false and fraudulent pretenses, representations and promises, moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institution,

in violation of Title 18, United States Code, Section 1344.

### Overt Acts

3. In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

   a. On or about January 3, 2006, LEON A. CLARKE, the defendant, opened a bank account at the Washington Mutual Bank branch located at 1200 West Walk, Green Acres Mall, Valley Stream, New York (the "Washington Mutual Account") with $30 in cash.

   b. On or about January 17, 2006, an unidentified female co-conspirator ("CC-1") deposited a check issued by Tufenkian Showroom NY, LLC in the amount of $31,379.59, and made payable to "Leon Clarke," into the Washington Mutual Account at the Washington Mutual Bank branch located at 460 Park Avenue South, New York, New York.

   c. On or about January 26, 2006, an unidentified co-conspirator ("CC-2") withdrew $500 in cash from the Washington Mutual Account at a Washington Mutual Bank ATM machine located at 1240 Liberty Avenue, Brooklyn, New York.

   d. On or about January 26, 2006, CLARKE withdrew $6,998 in cash from the Washington Mutual Account at the Washington Mutual Bank branch located at 270 Broadway, New York,

New York.

    e. On or about January 26, 2006, CLARKE attempted to withdraw $4,500 from the Washington Mutual Account at the Washington Mutual Bank branch located at 700 Sixth Avenue, New York, New York.

    (Title 18, United States Code, Section 1349.)

## COUNT TWO

    The Grand Jury further charges:

    4. From in or about January 2006, up to and including on or about February 9, 2006, in the Southern District of New York and elsewhere, LEON A. CLARKE, the defendant, unlawfully, willfully, and knowingly did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain, by means of false and fraudulent pretenses, representations and promises, the moneys, funds, credits, assets, securities and other property owned by, and under the custody and control of, such financial institution, to wit, CLARKE opened a bank account at Washington Mutual Bank into which a stolen check was deposited by a co-conspirator, and then withdrew money, to which he was not entitled, from that account.

    (Title 18, United States Code, Sections 1344 and 2.)

## FORFEITURE ALLEGATION AS TO COUNT ONE

5. As a result of committing the offenses alleged in Counts One and Two of this Indictment, LEON A. CLARKE, the defendant, shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting or derived from proceeds obtained directly or indirectly as a result of the offenses charged in Counts One and Two above.

## Substitute Asset Provision

6. If any of the above-described forfeitable property, as a result of any act or omission of one of the defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982(a)(2)(A) and
   Title 18, United States Code, Section 1349.)


_/s/ Keith Miller_
FOREPERSON

_/s/ Michael J. Garcia_
MICHAEL J. GARCIA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

LEON A. CLARKE,

Defendant.

INDICTMENT

07 Cr.

(18 U.S.C. §§ 1349, 1344, and 2)

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

*Keith Mills*, Foreperson.